Per Curiam.

The arbitration act, (20th of March, 1810,) allows twenty days for the entering an appeal, and directs that the appellant, if the defendant, shall produce one or more sufficient sureties, who shall .enter into a recognizance in the nature of special bail, &c. The objection in this case is, that sufficient sureties were not produced, and therefore the law has not been complied with. We think this rather too severe a construction. Here the bail was entered within sixteen days, and if it had been excepted to, immediately, it might have been perfected within twenty days. But no exception was taken until seven days after the entering of the bail, and then the twenty days had expired. It is true, the plaintiff might not have received notice of the entering of bail for some days, and that might be the reason why his exception came so late, And the parties will always be subject to difficulties of this kind, until the Courts of Common Pleas make rules, (which they have power to do,) regulating the manner in which notice shall be given respecting the entry of bail. But, in the present instance, inas *328 much as it appears that bail was entered within sixteen days, and it does not appear that it was owing to any fault of the defendant, that it was not perfected within twenty days, and as it appears, moreover, that unexceptionable additional bail was offered, as soon as the defendant knew that the first bail was excepted to, it is the opinion of the court that the plaintiff had no right to issue an ex-_> e'cution, and therefore it must be reversed.
Judgment rev.ered.-